# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TROY JENKINS,        :

    :

   Plaintiff,   :  Civil Action No.:  08-0057 (RMU)

    :

   v.     :  Document Nos.:  5, 6, 8

    :

NAVY MARINE CORPS   :

COURT OF CRIMINAL APPEALS, :

    :

   Defendant.   :

## MEMORANDUM OPINION

**GRANTING THE DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; DENYING AS MOOT THE DEFENDANT'S MOTION IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT; DENYING AS MOOT THE DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

This matter is before the court on the defendant's motion to dismiss for failure to state a claim upon which relief can be granted or in the alternative for a more definite statement, filed on April 16, 2008, and the defendant's motion to dismiss or in the alternative for summary judgment, filed on May 30, 2008. The plaintiff, a former Sailor in the United States Navy, filed a complaint against the defendant, the Navy Marine Corps Court of Criminal Appeals, on January 11, 2008. *See* Compl. In his complaint, the plaintiff alleges that he was wrongfully convicted during a court-martial proceeding of rape, forcible sodomy and indecent acts and requests a jury trial, back pay and allowances and $250 million in damages. *See id*. at 1-9.

On April 16, 2008, the defendant responded by filing a motion to dismiss, or in the alternative, for a more definite statement. *See* Def.'s Mot. to Dismiss or in the Alternative for a More Definite Statement. The defendant argues that the court should dismiss this action because the plaintiff has not alleged that he was successful in overturning his conviction, *id.* at 2-3; this court lacks subject matter jurisdiction over the plaintiff's claims, *id*. at 3-4; the court-martial

proceedings are immune from suit, *id.* at 4-7; the plaintiff has failed to establish that the defendant was a state official acting under color of state law, *id.* at 7-8; and the plaintiff failed to exhaust his administrative remedies, *id.* at 8-9. Alternatively, the defendant asks that the court order the plaintiff to make a more definite statement of his claims to provide fair notice to the defendant. *Id.* at 9-11.

In response, the plaintiff filed a "notice" that appears to be a document used in his appeal before the Court of Appeals for the Armed Services, which did not address the legal arguments raised by the defendant in the instant motion. Notice (Apr. 28, 2008). This court then issued a minute order notifying the plaintiff of his obligation to respond to the defendant's motion on or before November 20, 2008. Minute Order (Nov. 6, 2008). In the minute order, the court informed the plaintiff that failure to respond within the specified time would be equivalent to conceding the defendant's motion, which could result in dismissal. *Id.* The plaintiff responded by stating that he "did not respond to the motion because the defense did exactly what [he] had anticipated." Pl.'s Response (Dec. 2, 2008).[1] Although the plaintiff stated that he had "no intention of conceding," he failed to respond to the legal arguments raised by the defendant in its motion. *Id.* On December 4, 2008, the court issued a memorandum order requiring the plaintiff to respond to the substantive legal arguments raised by the defendant's motion on or before January 5, 2009, or the claims would be dismissed.[2] Mem. Order (Dec. 4, 2008). The

---

[1] The plaintiff's response was docketed on December 2, 2008, but the date stamp on the response indicates that the Clerk of the Court received it on November 20, 2008.

[2] The original memorandum order, issued December 4, 2008, directed the plaintiff to show cause on or before January 4, 2009. Mem. Order (Dec. 4, 2008). Because January 4, 2009 fell on a Sunday, the court issued a minute order establishing an amended deadline of January 5, 2009. Minute Order (Dec. 4, 2008).

memorandum order summarized the arguments to which the court directed the plaintiff to respond. *Id.* The plaintiff subsequently filed a "notice of supplemental authority" on January 5, 2009, which appears to be another document used in his appeal before the Court of Appeals for the Armed Forces and does not address the legal arguments raised in the defendant's motion. Notice (Jan. 5, 2009).

The plaintiff has failed to address any of the substantive legal arguments raised in the defendant's motion, despite the court's admonition on two separate occasions that such failure may result in his case being dismissed. Therefore, the court treats the defendant's arguments as conceded. *See Twelve John Does v. District of Columbia,* 117 F.3d 571, 577 (D.C. Cir. 1997) (stating that if a party does not respond to a motion, the court may treat the motion as conceded). Accordingly, the court grants the defendant's motion to dismiss.[3] An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 12th day of March, 2009.

RICARDO M. URBINA
United States District Judge

---

[3] As a result, the court denies as moot the defendant's motion in the alternative for a more definite statement and denies as moot the defendant's motion to dismiss or, in the alternative, for summary judgment.